STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION, AND CAROLINA TELEPHONE AND TELEGRAPH COMPANY v. COUNTY OF HARNETT, INTERVENOR

No. 7610UC256

(Filed 7 July 1976)

Telephone and Telegraph Companies § 1; Utilities Commission § 7— telephone general rate case — claim for extended area service
    In a telephone general rate case, the Utilities Commission was not required to consider and pass upon the intervenor county's claim that it was entitled to have extended area service connecting the county seat exchange with other exchanges serving telephone customers in the county, since such relief should be sought in a complaint case authorized by G.S. 62-73 rather than in a general rate case under G.S. 62-133.

APPEAL by County of Harnett, Intervenor, from order of North Carolina Utilities Commission entered 24 October 1975. Heard in the Court of Appeals 16 June 1976.

This general rate case was commenced 20 December 1974 when Carolina Telephone and Telegraph Company (hereinafter referred to as Carolina Telephone) filed its application with the North Carolina Utilities Commission for approval of increases in its rates and charges for intrastate telephone services sufficient to produce approximately $12,900,000.00 in additional annual gross revenues. Carolina Telephone is a franchise public utility which furnishes telephone service in all or part of thirty-eight (38) counties in Eastern North Carolina, its service area covering approximately thirty (30%) percent of the geographical area of this State. By this appeal the appellant, County of Harnett, seeks to raise questions concerning Carolina Telephone's services in only one county of its service area, Harnett County.

On 9 January 1975 the Commission entered its order declaring this proceeding to be a general rate case under G.S. 62-133, suspending the proposed rate increases, and directing Carolina Telephone to give its customers notice of a hearing before the Utilities Commission to be held beginning 17 June 1975. By subsequent order the Commission rescheduled the hearing to begin on 9 September 1975.

On 28 August 1975 the County of Harnett filed its petition to intervene in this proceeding, alleging that it is a customer of Carolina Telephone and that as a customer is directly affected by the proposed rate increase. Carolina Telephone did not oppose the petition to intervene, and by order filed 3 September 1975 the Commission allowed the petition and designated Harnett County as an Intervenor in this proceeding.

Also on 28 August 1975 Harnett County filed a motion for an order to require Carolina Telephone to answer certain interrogatories and to furnish certain documents and data. By order dated 4 September 1975 the Commission denied the motion but did direct Carolina Telephone to provide the Intervenor with a copy of its verified application for the general rate relief and copies of all pre-filed testimony and exhibits of the applicant's witnesses.

Hearings were held before the Utilities Commission on the application for a general rate increase from 9 September through 12 September and from 16 September through 19 September 1975. During these hearings the Intervenor, County of

Harnett, presented evidence and exhibits to show the following:

Telephone service is furnished to the residents of Harnett County through six exchanges, each of which serves a different area of the county. Three of these exchanges are owned and operated by the applicant, Carolina Telephone, and the remaining three are owned and operated by two other telephone companies. Of the three exchanges operated by the applicant, two, being the exchanges at Lillington and at Dunn, are located within Harnett County, while the third exchange, which serves the telephone customers in the southern portion of Harnett County and customers in Cumberland County, is located at Spring Lake in Cumberland County. None of the six exchanges through which telephone service is furnished to customers in Harnett County is connected with any of the other of such exchanges by extended area service (EAS). The result is that a customer of one exchange can call a customer of another exchange serving a different area of Harnett County only by paying a toll for each such call. Only those customers whose phones are connected with the Lillington exchange can call toll free the county offices which are located at the county seat in Lillington. Likewise, the Intervenor, County of Harnett, which serves citizens throughout the entire county through its Sheriff's Department, Health Department, and approximately fifteen other departments, must pay a toll in order to telephone any of its citizens living outside of the area served by the Lillington exchange.

At the conclusion of the hearings, the Intervenor, County of Harnett, filed motions asking (1) that the Utilities Commission, in its order to be issued in this Docket, make findings of fact in conformity with the foregoing evidence and that it conclude therefrom as a matter of law that the rate increase requested by Carolina Telephone provides less benefit to the County of Harnett than to other counties served by Carolina Telephone because of the multiple exchanges that exist in Harnett County, and (2) that the areas served by the Dunn, Lillington, and Spring Lake exchanges of Harnett County be granted extended area service as a benefit for any rate increase allowed by the Utilities Commission. The Commission denied both motions.

On 24 October 1975 the Commission entered its final order in this general rate case in which it made findings of fact and

conclusions of law (which did not include the findings requested by the Intervenor, County of Harnett), on the basis of which it authorized Carolina Telephone to increase its intrastate telephone rates and charges to produce additional annual gross revenues not to exceed $9,018,860.00, based upon stations and operations as of 31 December 1974, the end of the test year. From this order the Intervenor, County of Harnett, appeals.

*Joyner & Howison by R. C. Howison, Jr., and Edward S. Finley, Jr., and Taylor, Brinson & Aycock, by William W. Aycock, Jr., for Carolina Telephone and Telegraph Company, appellee.*

*Commission Attorney Edward B. Hipp and Assistant Commission Attorneys Robert F. Page and Dwight W. Allen for North Carolina Utilities Commission, appellee.*

*Woodall & McCormick by Edward H. McCormick for County of Harnett, appellant.*

PARKER, Judge.

The question presented by this appeal is whether the Utilities Commission was required, in this general rate case, to consider and pass upon appellant's claim that it was entitled to have extended area service (EAS) connecting applicant's Lillington exchange with other exchanges serving telephone customers throughout Harnett County. We hold that it was not.

No question is raised that this is a general rate case under G.S. 62-133 and that it was properly so declared by the Utilities Commission pursuant to the authority granted it by G.S. 62-137. It was, therefore, necessary for the Commission in this proceeding to follow the steps and to make the determinations required by G.S. 62-133, in so doing applying the principles set forth in the opinion of our Supreme Court in *Utilities Comm. v. Telephone Co.*, 281 N.C. 318, 189 S.E. 2d 705 (1972). In performing the important function assigned to it by statute of fixing "such rates as shall be fair both to the public utility and to the consumer," G.S. 62-133(a), it was necessary for the Commission in this proceeding, as in other general rate cases, to consider and evaluate voluminous testimony and exhibits and to make the many difficult value judgments which are necessarily involved in following the steps mandated by G.S. 62-133. Neither the present appellant, the County of Har-

nett, nor anyone else affected by the Commission's final order, has raised any question by appeal to this Court concerning the procedures followed by the Commission in arriving at its ultimate determination as to fair rates in this case.

By intervening in this case the County of Harnett, as a telephone customer of Carolina Telephone, did not oppose an increase in the rates to be allowed Carolina Telephone for the services which it was rendering and which it proposed to continue to render in Harnett County. Rather, appellant's purpose was to obtain an order of the Commission which would require Carolina Telephone to provide EAS connecting its exchange serving the county seat at Lillington with its other exchanges serving telephones in Harnett County. It is, of course, easy to understand the legitimate interest which the County of Harnett, both as a governmental entity and as a telephone customer, has in obtaining toll free telephone communication between its offices in the county seat and the telephones of its citizens living throughout the county. We hold, however, that the Utilities Commission was not required to determine in this, a general rate case, rights which appellant asserts are peculiar to it and to other telephone customers in Harnett County because of the special circumstance that multiple exchanges exist in that county.

The rights which appellant seeks to assert and the relief which it hopes to attain would be more appropriate to a complaint case authorized by G.S. 62-73 than to a general rate case under G.S. 62-133. The difference in the two types of cases and the reasons why the Commission should have broad discretion to refuse to hear in a general rate case matters which would more appropriately be considered in a complaint case, were clearly pointed out by our Supreme Court in the opinion in *Utilities Commission v. Gas Co.*, 259 N.C. 558, 131 S.E. 2d 303 (1963), as follows (pp. 562, 563) :

> "In a complaint case the field of inquiry is limited to the comparatively narrow question of fair treatment to a group or to a class. Necessarily the Commission must be given broad discretion with respect to the extent which it will hear evidence relating to a particular schedule when the basic question for consideration is: Does the utility need an increase in rates to function effectively or, conversely, can the utility continue to operate, provide effi-

Utilities Comm. v. County of Harnett

cient service to its customers, and make a fair return to the owners of its properties, or may it so function after a reduction in rates? *Utilities Comm. v. Area Development, Inc.*, 257 N.C. 560, 126 S.E. 2d 325; *Utilities Comm. v. Light Co., supra.*

To require the Commission in a general rate case to go into minute details with respect to each of the proposed increases and the possible inequalities which might be created thereby would distract its attention from the crucial question, namely: What is a fair rate of return on company's investment so as to enable it by sound management to pay a fair profit to its stockholders and to maintain and expand its facilities and services in accordance with the reasonable requirements of its customers in the territory covered by its franchise?"

We note from the statement contained in appellant's brief that as a result of separate proceedings initiated by the Utilities Commission after entry of its final order in this case, the Commission entered an order on 15 March 1976 directing interconnecting service between Carolina Telephone's Lillington and Dunn exchanges. Appellant acknowledges that to this extent its present appeal is moot.

We find no abuse of the Commission's discretion in refusing to pass upon appellant's asserted rights to further EAS in this general rate case, and the order appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.